Douglas A. Thompson, California Bar No. 155619
Jennifer A. Jackson, California Bar No. 192998
Andrea N. Winternitz, California Bar No. 275221
Nicole N. King, California Bar No. 290204
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, CA  90401-2386
Telephone:  (310) 576-2100
Facsimile:  (310) 576-2200
E-Mail:       douglas.thompson@bryancave.com
                  jjackson@bryancave.com
                  andrea.winternitz@bryancave.com
                  nicole.king@bryancave.com

Attorneys for Defendant
BANK OF AMERICA, N.A.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| WILLIAM WILBER, NICOLE KHARZI, KAREN OLDMIXON, LARRY CAIN, ROBYN JAMISON, OTTO FOX, GAIL YOUNG, MARK THOMAS, CINDY DICOSIMO, CAROL WINKLER; DAVID WINKLER; KURT YOUNG<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; Does 1-10,<br><br>Defendants. | Case No. 8:14-cv-01771-DOC-JCG<br><br>Hon. David O. Carter<br><br>**BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Filed concurrently with Request for Judicial Notice and Proposed Order]<br><br>Date:            December 15, 2014<br>Time:           8:30 a.m.<br>Courtroom:    9D, Santa Ana<br><br>Complaint Filed: October 1, 2014<br>Removal Date:    November 6, 2014<br>Trial Date:         None set. |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 15, 2014, at 8:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 9D of the above-entitled Court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4516, defendant Bank of America, N.A. ("BANA") will, and hereby does, move to dismiss the Class Action Complaint of plaintiffs William Wiber, Nicole Kharzi, Karen Oldmixon, Larry Cain, Robyn Jamison, Otto Fox, Gail Young, Mark Thomas, Cindy Dicosimo, Carol Winkler, David Winkler, and Kurt Young ("Plaintiffs") pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).

The grounds for this Motion are that the Complaint, and each purported claim therein, fails to state a claim upon which relief can be granted against BANA.

The Motion will based on this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities and Request for Judicial Notice, the pleadings and documents on file in this case, and any such oral and documentary evidence as may be presented at the hearing on this Motion.

This motion is made subsequent to the following efforts to meet and confer pursuant to Local Rule 7-3:

1    Counsel for BANA and Plaintiffs' counsel discussed this case and the

2  proposed motion by telephone and email on November 10, 2014.  The parties have

3  been unable to reach a resolution that would have eliminated the need for this

4  motion and a hearing.

5  Dated: November 13, 2014          Respectfully submitted,

6                                    **BRYAN CAVE LLP**

7
                                    By:   */s/ Jennifer A. Jackson*
8                                         Jennifer A. Jackson
                                    Attorneys for Defendant
9                                   BANK OF AMERICA, N.A.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

2
SM01DOCS\1061889.6

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION .................................................................................. 1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY .................... 2

        A.   Plaintiffs' Investment in Phan's Forex Trading Scheme .................. 2

        B.   Phan's Misappropriation of Plaintiffs' Funds ............................... 3

        C.   Plaintiffs' Purported Claims Against BANA .................................. 4

III.    LEGAL STANDARD FOR MOTION TO DISMISS UNDER FED. R.
        CIV. P. RULES 8(a) AND 12(b)(6) .................................................... 5

IV.     PLAINTIFFS FAIL TO STATE A CLAIM AGAINST BANA ................... 6

        A.   Plaintiffs' Claims for Aiding and Abetting and Money Had and
             Received Are Time-Barred ....................................................... 6

        B.   Plaintiffs Fail to State a Claim Against BANA for Aiding and
             Abetting Phan's Fraud or Conversion ........................................ 7

             1.   Liability Requires Actual Knowledge of the Underlying
                  Tort ............................................................................. 7

             2.   Plaintiffs Fail to Allege BANA Had Actual Knowledge of
                  Phan's Fraud and Conversion .......................................... 8

        C.   Plaintiffs Fail to State a Claim for Violation of Business and
             Professions Code Section 17200 ............................................. 11

             1.   Plaintiffs Fail to Allege BANA Caused Their Injuries ........... 11

             2.   Plaintiffs Fail to Allege Unlawful Conduct by BANA ........... 12

             3.   Plaintiffs Fail to Allege Unfair Conduct by BANA ............... 14

             4.   Plaintiffs Fail to Allege Fraudulent Conduct by BANA ......... 15

             5.   Plaintiffs Are Not Entitled to Restitution from BANA ........... 16

        D.   Plaintiffs Fail to State a Claim for Money Had and Received ......... 17

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

i

SM01DOCS\1061889.6

1

      **E.**     Plaintiffs Fail to Plead Facts Justifying Punitive Damages ................ 18

2

**V.**    CONCLUSION ........................................................... 19

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

ii

SM01DOCS\1061889.6

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*American Master Lease LLC v. Idanta Partners, Ltd.*,
   225 Cal. App. 4th 1451 (2014) .............................................................. 6

*AmerUS Life Ins. Co. v. Bank of Am., N.A.*,
   143 Cal. App. 4th 631 (2006) .............................................................. 6

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) .............................................................. 5

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) .............................................................. 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................. 5, 6

*Buckland v. Threshold Enterprises, Ltd.*,
   155 Cal. App. 4th 798 (2007) .............................................................. 11

*Californians for Disability Rights v. Mervyn's, LLC*,
   39 Cal. 4th 223 (2006) .............................................................. 16

*Casey v. US Bank National Ass'n*,
   127 Cal. App. 4th 1138 (2005) .............................................................. 8, 9

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
   20 Cal. 4th 163 (1999) .............................................................. 13

*Chance World Trading E.C. v. Heritage Bank of Commerce*,
   438 F. Supp. 2d 1081 (N.D. Cal. 2005) .............................................................. 9

*Chazen v. Centennial Bank*,
   61 Cal. App. 4th 532 (1998) .............................................................. 9

*Chicago Title Ins. Co. v. Superior Court*,
   174 Cal. App. 3d 1142 (1985) .............................................................. 10

*Daro v. Superior Court*,
   151 Cal. App. 4th 1079 (2007) .............................................................. 11, 12

*Davis v. Ford Motor Credit Co. LLC*,
   179 Cal. App. 4th 581 .............................................................. 14

*Drum v. San Fernando Valley Bar Ass'n*,
   182 Cal. App. 4th 247 (2011) .............................................................. 14, 15

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

NOTICE OF MOTION AND MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

*El Camino Res., Ltd. v. Huntington Na'l Bank*,
  722 F. Supp. 2d 875 (W.D. Mich. 2009) ................................................................. 14

*Emery v. VISA Internat. Service Assn.*,
  95 Cal. App. 4th 952 (2002) ................................................................................... 14

*Fiol v. Doellstedt*,
  50 Cal. App. 4th 1318 (1996) ................................................................................... 9

*G.D. Searle v. Superior Court*,
  49 Cal. App. 3d 22 (1975) ...................................................................................... 18

*Grieves v. Superior Court*,
  157 Cal. App. 3d 159 (1984) .................................................................................. 18

*Gutierrez v. Girardi*,
  194 Cal. App. 4th 925 (2011) ................................................................................. 17

*In re Firearm Cases*,
  126 Cal. App. 4th 959 (2005) ................................................................. 11, 12, 13

*In re Sharp Intern. Corp.*,
  281 B.R. 506 (Bankr. E.D.N.Y. 2002) ...................................................................... 9

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) ........................................................................................... 15

*James v. Heritage Valley Federal Credit Union*,
  197 Fed. Appx. 102 (3d Cir. 2006) ........................................................................ 10

*Jenkins v. JPMorgan Chase Bank, N.A.*,
  216 Cal. App. 4th 497 (2013) ................................................................................. 14

*Karen Kane, Inc. v. Bank of America*,
  67 Cal. App. 4th 1192 (1998) ................................................................................. 10

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ............................................................................... 15

*Khoury v. Maly's of California, Inc.*,
  14 Cal. App. 4th 612 (1993) ................................................................................... 11

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ......................................................................................... 16

*Lazar v. Hertz Corp.*,
  69 Cal. App. 4th 1494 (1999) ................................................................................. 12

*Madrid v. Perot Sys. Corp.*,
  130 Cal. App. 4th 440 ............................................................................................. 16

iv

SM01DOCS\1061889.6

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996) ........................................................................5

*Mock v. Miller's Mutual Ins. Co.*,
  4 Cal. App. 4th 306 (1992) ......................................................................18

*Mosley v. Arden Farms Co.*,
  26 Cal. 2d 213 (1945) ...............................................................................12

*Oki Semiconductor Co. v. Wells Fargo Bank*,
  298 F.3d 768 (9th Cir. 2002) ....................................................................14

*Pac. Harbor Capital, Inc. v. Barnett Bank, N.A.*,
  252 F.3d 1246 (11th Cir. 2001) ..................................................................7

*Peterson v. Cellco P'ship*,
  164 Cal. App. 4th 1583 (2008) ................................................................11

*Rose v. Bank of Am., N.A.*,
  200 Cal. App. 4th 1441 (2011) ................................................................16

*Scholar v. Pac. Bell*,
  963 F.2d 264 (9th Cir. 1992) ......................................................................7

*Schultz v. Harney*,
  27 Cal. App. 4th 1611 (1994) ..................................................................17

*Schulz v. Neovi Data Corp.*,
  152 Cal. App. 4th 86 (2007) .................................................................7, 8

*Smith v. Superior Court*,
  10 Cal. App. 4th 1033 (1992) ..................................................................18

*Software Design & Application LTD. v. Hoefer & Arnette, Inc.*,
  49 Cal. App. 4th 472 (1996) ....................................................................10

*South Bay Chevrolet v. General Motors Acceptance Corp.*,
  72 Cal. App. 4th 861 (1999) ....................................................................15

*South Bay Chevrolet v. General Motors Acceptance Corp.*,
  72 Cal. App. 4th 861 (1999) ....................................................................12

*Sterling Sav. Bank v. Poulsen*,
  No. C-12-01454 EDL, 2013 WL 3945989 (N.D. Cal. July 29, 2013) ...............10

*Union Bank of California, N.A. v. Superior Court of Alameda County*,
  130 Cal. App. 4th 378 (2005) .............................................................10, 13

*Vasquez v. L.A. County*,
  487 F.3d 1246 (9th Cir. 2007) ....................................................................6

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

v

NOTICE OF MOTION AND MOTION TO DISMISS

*Warren v. Lawler*,
  343 F.2d 351 (1965) ................................................................. 6

*Weiss v. Marcus*,
  51 Cal. App. 3d 590 (1975) ..................................................... 17

*Wenzoski v. Citicorp*,
  480 F. Supp. 1056 (N.D. Cal 1979) ........................................ 11

**Statutes**

15 U.S.C. § 80b-1–80b-2 .............................................................. 13

31 U.S.C. § 5318(h)(1) ................................................................. 13

31 U.S.C.S. § 5318(g) .................................................................. 10

7 U.S.C § 1 *et seq.* ..................................................................... 13

Cal. Bus. & Prof. Code § 17200 ....................................... 1, 11, 12

Cal. Civ. Code § 3294(a) .............................................................. 18

Cal. Civ. Code § 3294(c)(1) .......................................................... 18

Cal. Civ. Code § 3294(c)(2) .......................................................... 18

Cal. Civ. Code § 3294(c)(3) .......................................................... 18

Cal. Civ. Code § 339(1) ................................................................. 6

Cal. Civ. Proc. Code § 338(c) ........................................................ 6

Cal. Civ. Proc. Code § 338(d) ........................................................ 6

Cal. Corp. Code § 25200-25209 .................................................. 13

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................. 5

Fed. R. Civ. P. 8(a)(2) ................................................................... 5

**Regulations**

12 C.F.R. § 208.62 ................................................................. 8, 13

12 C.F.R. § 21.11 ......................................................................... 10

12 C.F.R. § 21.11(k) .................................................................... 13

31 C.F.R. § 1020.320 ................................................................... 10

31 C.F.R. § 103.121 ..................................................................... 13

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

NOTICE OF MOTION AND MOTION TO DISMISS

SM01DOCS\1061889.6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Twelve named plaintiffs allege Bank of America, N.A. ("BANA") did not protect them from losses arising from a fraudulent scheme perpetrated by non-party Melody Phan ("Phan").  Plaintiffs seek restitution and damages from BANA on behalf of 174 investors who were allegedly defrauded out of more than $5 million in "forex" foreign currency trading investments they made in Wal Capital, LLC ("Wal Capital"), an entity controlled by Phan that maintained a checking account with BANA.  Plaintiffs' claims fail for multiple reasons.

First, the claims for aiding and abetting fraud, aiding and abetting conversion, and money had and received are time barred.  Plaintiffs knew about Phan's fraud and misappropriation of their funds more than three years before they filed this action.  Because the applicable statutes of limitations are three years or less, these claims are barred as a matter of law.

Second, Plaintiffs' attempt to impose secondary liability on BANA under an aiding and abetting theory fails because Plaintiffs fail to allege that any BANA employee had actual knowledge of Phan's fraud or conversion.  To the contrary, the factual allegations show BANA was unaware of the purported misconduct.  Allegations that BANA should have been suspicious of Phan's conduct do not establish the requisite actual knowledge.  In any event, BANA owed no duty to Plaintiffs to investigate, identify or warn Plaintiffs about Phan's misdeeds.

Third, Plaintiffs fail to plead a violation of Section 17200 of California's Business and Professions Code.  Plaintiffs' conclusory allegations do not establish any predicate unlawful, unfair, or fraudulent conduct, let alone any causal connection between BANA's business practices and Plaintiffs' alleged injuries at the hands of Phan.  And Plaintiffs are not entitled to restitution from BANA, which is not alleged to have taken any of Plaintiffs' funds.

Fourth, the claim for money had and received fails because Plaintiffs do not

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

1

1  allege BANA has possession of Plaintiffs' money.

2      Plaintiffs' request for punitive damages should be stricken because Plaintiffs

3  fail to allege any fraudulent, oppressive or malicious conduct by BANA.

4      This is Plaintiffs' fifth attempt to state claims against BANA arising from

5  Phan's fraudulent scheme.  Plaintiffs sued BANA in this Court in August 2013, but

6  voluntarily dismissed the case later that month.  They made three more pleading

7  attempts in a 2013 state court action, but gave up after multiple demurrers were

8  sustained.  Plaintiffs simply cannot plead around the fact that Phan, not BANA,

9  caused Plaintiffs' injuries.  For all of these reasons, the Complaint should be

10  dismissed without leave to amend.

11  **II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

12      **A.    Plaintiffs' Investment in Phan's Forex Trading Scheme**

13      From 2006 until 2011, Phan maintained bank accounts for her various

14  business entities through BANA's branch office in Garden Grove, California.

15  (Compl. ¶¶ 37-38.)  One of Phan's companies was MFP, "an entity that offered

16  classes to the public for 'do it yourself' forex [foreign currency exchange] trading."

17  (Compl. ¶ 39.)  MFP "received funds from its students as tuition for the classes …

18  [and] for nominal forex trading in subaccounts in the names of its students."

19  (Compl. ¶ 39.)  It appears Plaintiffs and the putative class were some of these

20  "students."  (Compl. ¶ 53.)

21      In 2008, Phan formed Wal Capital "for the purpose of gathering funds of

22  students of MFP and others" to manage and invest.  (Compl. ¶ 44.)  Wal Capital was

23  formed through two other companies, Wal USA and Wal Costa Rica, in such a way

24  as to hide the true nature of Phan's financial activities from investors and state and

25  federal authorities.  (Compl. ¶ 44.)  Phan opened a business checking account for

26  Wal Capital at BANA's Garden Grove branch.  (Compl. ¶¶ 48-50.)  In so doing,

27  Phan intentionally deceived BANA about Wal Capital's corporate structure and the

28  nature of its activities.  (Compl. ¶¶ 48-51.)

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

1    Plaintiffs invested thousands of dollars with Phan by purchasing "membership
2    interests" in Wal Capital.  (Compl. ¶¶ 23-31, 44.)  Plaintiffs wired their investment
3    funds or had their checks deposited into Wal Capital's account.  (Compl. ¶ 54.)
4    Some Plaintiffs made credit card payments to a beauty supply business owned by
5    Phan, and their funds were later transferred from the beauty supply company's
6    account to the Wal Capital account.  (Compl. ¶ 54.)

7    Although Phan "utilized BANA's logo on client communications and touted
8    BANA as a benefit [to] investing" in Wal Capital, Plaintiffs do not and cannot
9    allege BANA approved such utilization or even knew of these communications by
10   Phan.  (Compl. ¶ 53.)  Indeed, Plaintiffs do not allege BANA knew anything about
11   Plaintiffs or their investments in Phan's ventures.  (Compl.)

12   **B.    Phan's Misappropriation of Plaintiffs' Funds**

13   Phan proceeded to use the Wal Capital account as her "personal piggy bank,"
14   converting her investors' funds and using the money for personal loans and
15   expenses, or losing the money in "random, speculative forex trading."  (Compl. ¶¶
16   2-3, 60, 68.)  By the time Phan's accounts were closed in January 2011, Phan had
17   misappropriated or lost more than $5 million of her clients' funds.  (Compl. ¶¶ 2, 42,
18   68.)

19   Plaintiffs contend BANA should have discovered Phan's fraudulent scheme
20   due to numerous "red flags," and should have closed Phan's accounts or reported
21   Phan to the authorities.  (Compl. ¶¶ 6, 68-69, 73-74.)  These "red flags" allegedly
22   included (1) unexplained, repetitive, or unusual transfers of funds in and out of the
23   Wal Capital account; (2) payments between Phan's accounts with no apparent links
24   to legitimate contracts, goods, or services received; (3) transfers of funds between
25   accounts by the same person; (4) unusual deposits and large withdrawals; (5)
26   repeated overdrafts and bounced checks; (6) checks where the signor and payee
27   were the same; and (7) check kiting.  (Compl. ¶¶ 75-84.)

28   Plaintiffs further allege BANA's various "know your customer" obligations

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

3

1   should have alerted BANA to Phan's wrongdoing, and BANA should have known,

2   based on the nature of Phan's businesses, that transfers between her company

3   accounts were improper.  (Compl. ¶¶ 38-43, 50-52, 58.)  Plaintiffs claim BANA

4   should have investigated and reported the activity under federal and state banking

5   requirements.  (Compl. ¶¶ 72-74, 79, 85-87.)

6        BANA's alleged motive for failing to investigate or report Phan's conduct

7   was its collection of transaction fees, overdraft fees and interest from Phan's various

8   accounts.  (Compl. ¶¶ 6, 71-72.)  Plaintiffs do not allege they paid any of the

9   purported fees or interest, or that BANA otherwise collected or retained any money

10  from Plaintiffs.  (Compl.)

11       Plaintiffs do not identify any BANA employee who had actual knowledge of,

12  or actively assisted in, Phan's scheme.  They do not allege BANA was aware of any

13  statement or omission Phan made to Plaintiffs.  Nor do they allege BANA had any

14  specific knowledge regarding what Phan was doing with Plaintiffs' funds.  (Compl.)

15       **C.    <u>Plaintiffs' Purported Claims Against BANA</u>**

16       Based on these allegations, Plaintiffs assert four claims against BANA: 1)

17  aiding and abetting fraud, 2) aiding and abetting conversion, 3) violation of Section

18  17200, and 4) money had and received.  They seek to represent a class of 174

19  investors who paid money to entities controlled by Phan.  (Compl. ¶ 8.)  Plaintiffs

20  request compensatory and punitive damages and restitution from BANA.  (Compl.

21  Prayer ¶¶ a-c.)

22       Plaintiffs filed a nearly identical action against BANA, based on Phan's

23  purported misconduct, in this Court on August 7, 2013.  (Request for Judicial Notice

24  ("RJN") Ex. A.)  Plaintiffs voluntarily dismissed the action on August 26, 2013.

25       On September 6, 2013, Plaintiffs filed another, nearly identical action against

26  BANA, this time in the Orange County Superior Court.  After three rounds of

27  pleading, in which the court sustained demurrers to each successive complaint based

28  on Plaintiffs' failure to plead a viable claim against BANA, Plaintiffs voluntarily

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

1   dismissed the action on July 8, 2014.  (RJN Exs. B-E.)

2       Plaintiffs then filed this action on October 1, 2014, in the Orange County

3   Superior Court.  BANA removed the action to this Court on November 6, 2014.

4   **III.   LEGAL STANDARD FOR MOTION TO DISMISS UNDER FED. R.**

5         **CIV. P. RULES 8(a) AND 12(b)(6)**

6       A complaint shall be dismissed when it fails to state a claim upon which relief

7   can be granted.  Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss, a court

8   reads Rule 12(b)(6) in conjunction with Rule 8(a)(2).  *Bell Atl. Corp. v. Twombly*,

9   550 U.S. 544, 555 (2007).  Rule 8(a)(2) requires a pleading that states a claim for

10  relief to contain "a short and plain statement of the claim showing that the pleader is

11  entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Voluminous, convoluted theories, such

12  as those asserted here, do not meet the standard.  *McHenry v. Renne*, 84 F.3d 1172,

13  1178 (9th Cir. 1996) (affirming dismissal where "despite all the pages … one cannot

14  determine from the complaint who is being sued, for what relief, and on what

15  theory, with enough detail to guide discovery").  Although Rule 8(a)(2) does not

16  require detailed factual allegations, it requires "more than labels and conclusions,

17  and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S.

18  at 555.

19      "To survive a motion to dismiss, a complaint must contain sufficient factual

20  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

21  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570);

22  *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court

23  should grant a Rule 12(b)(6) motion if there is a "lack of a cognizable legal theory

24  or the absence of sufficient facts alleged under a cognizable legal theory" (internal

25  quotations omitted)).  "Threadbare recitals of the elements of a cause of action,

26  supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949;

27  *see also Twombly*, 550 U.S. at 555 (mere "labels and conclusions" and/or

28  "formulaic recitation[s] of the elements of a cause of action" will not suffice to

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

SM01DOCS\1061889.6

1   overcome a motion to dismiss) (citations omitted).  Rather, the "[f]actual allegations

2   must be enough to raise a right to relief above the speculative level …"  *Twombly*,

3   550 U.S. at 555.  A court may dismiss claims without granting leave to amend if

4   amendment would be futile.  *See Vasquez v. L.A. County*, 487 F.3d 1246, 1258 (9th

5   Cir. 2007).

6   **IV.   PLAINTIFFS FAIL TO STATE A CLAIM AGAINST BANA**

7          **A.   Plaintiffs' Claims for Aiding and Abetting and Money Had and**

8               **Received Are Time-Barred**

9          California's three-year statute of limitations for fraud accrues upon "the

10  discovery, by the aggrieved party, of the facts constituting the fraud."  Cal. Code

11  Civ. Proc. § 338(d).  Claims for conversion are also governed by a three-year statute

12  of limitations, which begins to run on the date of the alleged taking, even if the

13  plaintiff claims to have been unaware of it.  Cal. Code Civ. Proc. § 338(c); *see also*

14  *AmerUS Life Ins. Co. v. Bank of Am., N.A.*, 143 Cal. App. 4th 631, 639 (2006) ("the

15  statute of limitations for conversion is triggered by the act of wrongfully taking

16  property").  The statute of limitations for a claim for aiding and abetting a tort is the

17  same as that for the underlying tort.  *American Master Lease LLC v. Idanta*

18  *Partners, Ltd.*, 225 Cal. App. 4th 1451, 1478-79 (2014).

19         An action for money had and received is barred if not filed within two years

20  after plaintiff's money was allegedly received by defendant.  Cal. Civ. Code

21  § 339(1); *Warren v. Lawler*, 343 F.2d 351, 360 (1965).

22         Plaintiffs allege Phan opened various business bank accounts with BANA,

23  deposited investment funds from Plaintiffs into those accounts, and proceeded to

24  loot the accounts until they were closed in January 2011.  (Compl. ¶¶ 2, 38, 42, 44,

25  68.)  Plaintiffs concede the alleged taking of their funds had already occurred by

26  January 2011, when Phan's accounts were closed and Plaintiffs' losses determined.

27  (Compl. ¶¶ 42, 68.)  As a result, Phan's fraudulent conduct and Plaintiffs' resulting

28  losses were discoverable no later than January 2011.  (*See* Compl. ¶¶ 42, 68.)

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

6

1   Plaintiffs were required to bring their "money had and received" claim no more than

2   two years later, or by January 2013.  They were required to bring their claims for

3   aiding and abetting fraud and conversion within three years, or by January 2014.

4   But Plaintiffs waited until October 1, 2014, to file this action.  Their claims are time-

5   barred.

6         Plaintiffs cannot rely on delayed discovery or equitable tolling to save their

7   claims.  Although they state they "did not learn of the *extent* of the conversion of

8   their funds until December 2012, when records of the bank accounts were made

9   available by BANA" (Compl. ¶ 68 (emphasis added)), Plaintiffs do not allege (a)

10  that they took diligent steps to discover the losses sooner, or (b) that any intervening

11  actions of BANA (or even Phan) specifically precluded Plaintiffs from discovering

12  the losses earlier, despite diligent inquiry.  *See Scholar v. Pac. Bell*, 963 F.2d 264,

13  267-68 (9th Cir. 1992) (equitable tolling is available only in "extreme cases," and

14  "[c]ourts have been generally unforgiving … when a late filing is due to [plaintiff's]

15  failure to exercise due diligence in preserving his legal rights"); *Pac. Harbor*

16  *Capital, Inc. v. Barnett Bank, N.A.,* 252 F.3d 1246, 1251-52 (11th Cir. 2001).

17        Because Plaintiffs have not alleged any facts demonstrating their inability to

18  bring suit within the statutory period, or any facts to show their diligence in

19  uncovering the extent of their losses, Plaintiffs' claims for aiding and abetting and

20  money had and received are time barred and should be dismissed with prejudice.

21  **B.**    **Plaintiffs Fail to State a Claim Against BANA for Aiding and**

22         **Abetting Phan's Fraud or Conversion**

23         **1.**    **Liability Requires Actual Knowledge of the Underlying Tort**

24        "Liability may … be imposed on one who aids and abets the commission of

25  an intentional tort if the person … knows the other's conduct constitutes a breach of

26  duty and gives substantial assistance or encouragement to the other to so act."

27  *Schulz v. Neovi Data Corp.*, 152 Cal. App. 4th 86, 93 (2007).  Plaintiff must plead

28  specific facts showing defendant's actual knowledge of the primary wrong and

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

NOTICE OF MOTION AND MOTION TO DISMISS

1    defendant's substantial assistance or encouragement to the primary wrongdoer.  *See*
2    *id.* at 97 ("mere conclusions" that payment processor "'knew of [co-defendant's]
3    unlawful operations' 'but knowingly and intentionally aided and abetted the
4    operation'" were insufficient to survive demurrer).

5          To establish aiding and abetting liability, plaintiff must plead the elements of
6    the underlying tort and defendant's "actual knowledge of the specific wrongful act
7    that constituted the [tort]."  *Casey v. US Bank National Ass'n*, 127 Cal. App. 4th
8    1138, 1147 (2005).  "Of course, a defendant can only aid and abet another's tort if
9    the defendant knows what 'that tort' is."  *Id.* at 1146.  "[A] court must carefully
10   scrutinize whether the plaintiff has alleged [defendant] had actual knowledge of the
11   underlying wrong it purportedly aided and abetted."  *Id.* at 1152.

12                **2.**    **Plaintiffs Fail to Allege BANA Had Actual Knowledge of**
13                          **Phan's Fraud and Conversion**

14         Plaintiffs state in conclusory fashion that BANA "had actual knowledge of
15   the frauds being perpetrated on Plaintiffs … by Phan and her associates."  (Compl. ¶
16   105.)  They also allege BANA "had actual knowledge of the wrongful conversion of
17   Plaintiffs' funds … by Phan and her associates."  (Compl. ¶ 114.)  But Plaintiffs fail
18   to allege a single fact suggesting actual knowledge of Phan's fraud or conversion by
19   any BANA employee.  (*See* Compl.)

20         Instead, Plaintiffs claim BANA "should have" uncovered Phan's fraud and
21   conversion by investigating the "cavalcade of suspicious activity and illegal conduct
22   that was either known to Defendants or ignored by them," and that BANA
23   "intentionally ignored dozen of red flags."  (Compl. ¶¶ 43, 51-52, 58-84.)  Plaintiffs
24   allege BANA "should have" monitored and reported Phan's suspicious conduct by
25   filing a Suspicious Activity Report ("SAR") pursuant to 12 C.F.R. § 208.62, and
26   that it "should have" detected Phan's check kiting by referencing the Office of the
27   Comptroller of the Currency's ("OCC") guidelines.  (Compl. ¶¶ 73-74, 85-102.)
28   Finally, Plaintiffs claim BANA "should have" referred the Wal Capital account to

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

its investment managers, rather than opening a traditional business checking account, and that if BANA had done so, it would have detected Phan's misconduct. (Compl. ¶ 51.)  These types of allegations cannot satisfy the requirement that BANA have actual knowledge of Phan's specific fraud and conversion.

First, allegations that BANA "should have," but did not, detect Phan's wrongful conduct are directly contrary to any claim that BANA had actual knowledge of the conduct.

Second, even if BANA had suspected Phan's alleged fraud or conversion, "suspicion and surmise" do not constitute actual knowledge.  *Casey*, 127 Cal. App. 4th at 1144 (citing *In re Sharp Intern. Corp.*, 281 B.R. 506 (Bankr. E.D.N.Y. 2002) (rejecting contention that bank's "suspicions of fraud … became actual knowledge" when an officer monitoring the accounts reviewed reports that revealed fraudulent inflating of receivables, and dismissing complaint)); *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1326 (1996) ("Mere knowledge that a tort is being committed and the failure to prevent it does not constitute aiding and abetting.").

Third, failure to follow a bank's own internal rules or policies does not establish actual knowledge of another's wrongdoing.  *Chance World Trading E.C. v. Heritage Bank of Commerce*, 438 F. Supp. 2d 1081 (N.D. Cal. 2005) .  In *Chance*, plaintiff entered into an investment agreement with a third party for purposes of financing the development of a product, and deposited the investment funds into a bank account.  438 F. Supp. 2d at 1082-83.  After the third party misappropriated plaintiff's money, plaintiff sued the bank for aiding and abetting fraud.  *Id.* Plaintiff's evidence that the bank opened the account in violation of its own policies was insufficient to support a claim for aiding and abetting the third party's fraud. *Id.* at 1086.

Fourth, case law is clear that a bank owes no duty to non-customers, such as Plaintiffs, to investigate or disclose suspicious activities by an account holder. *Casey*, 127 Cal. App. 4th at 1144; *see also Chazen v. Centennial Bank*, 61 Cal. App.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

9

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

4th 532, 537, 541 (1998) (bank has no duty to police accounts, even fiduciary or trust accounts, or to prevent wrongdoing, such as comingling, improper disbursements, or misappropriation); *Chicago Title Ins. Co. v. Superior Court*, 174 Cal. App. 3d 1142 (1985) (rejecting non-depositor's claim that bank had a duty to inform non-depositor of bank's suspicion that bank customer was involved in check-kiting scheme); *accord Software Design & Application LTD. v. Hoefer & Arnette, Inc.*, 49 Cal. App. 4th 472, 483 (1996) (bank owed no duty to non-depositor investor to investigate and monitor the account of a depositor of a bank account who embezzled funds); *Karen Kane, Inc. v. Bank of America*, 67 Cal. App. 4th 1192, 1199 (1998) (bank had no duty to inform non-depositor maker of checks of bank's suspicions that payee was defrauding maker).

Fifth, Bank Secrecy Act ("BSA") and Anti-Money Laundering Act ("AML") obligations, such as the BSA SAR procedure or the AML "Know Your Customer" requirements, are owed to the federal government, not to a private party who interacts with the alleged bad actor. *Sterling Sav. Bank v. Poulsen*, No. C-12-01454 EDL, 2013 WL 3945989, at *19 (N.D. Cal. July 29, 2013) (purpose of Bank Secrecy Act "is not to protect bank customers, but to the contrary, to protect the banks and the government from money-laundering and other criminal activity by their customers"). Plaintiffs cannot fashion a claim for relief predicated on BANA's alleged failure to follow those requirements. *See* 12 C.F.R. § 21.11; 31 C.F.R. § 1020.320; *James v. Heritage Valley Federal Credit Union*, 197 Fed. Appx. 102, 106 (3d Cir. 2006); *Sterling Sav. Bank*, 2013 WL 3945989, at *19. Even if wrongdoing is discovered and a SAR is issued, a bank is precluded from disclosing the existence of the SAR, or any supporting information, to the wrongdoer or to any third parties. 31 U.S.C.S. § 5318(g); *see Union Bank of California, N.A. v. Superior Court of Alameda County*, 130 Cal. App. 4th 378, 399 (2005) ("national banks…are required by federal regulation to decline to produce SAR's or any information that would disclose that a SAR has been prepared or filed"). Similarly, Plaintiffs have no right

1  to enforce the provisions of the OCC guidelines for check-kiting detection.

2  *Wenzoski v. Citicorp*, 480 F. Supp. 1056, 1062 (N.D. Cal 1979).

3       Because Plaintiffs fail to allege BANA had actual knowledge of Phan's

4  specific fraud and conversion, Plaintiffs' two claims for aiding and abetting fail and

5  should be dismissed.

6  **C.    Plaintiffs Fail to State a Claim for Violation of Business and**

7       **Professions Code Section 17200**

8            **1.    Plaintiffs Fail to Allege BANA Caused Their Injuries**

9       California Business and Professions Code section 17200 prohibits unlawful,

10 unfair, and fraudulent business practices.  Bus. & Prof. Code § 17200 (the "UCL").

11 "A plaintiff alleging unfair business practices … must allege with reasonable

12 particularity the facts supporting the statutory elements of the violation."  *Khoury v.*

13 *Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).  The plaintiff must

14 allege that the unfair business practice caused his harm.  *Daro v. Superior Court*,

15 151 Cal. App. 4th 1079, 1099 (2007) (building owners alleged failure to comply

16 with statute regarding subdividing land did not cause tenants' eviction).  The "causal

17 connection is broken when a complaining party would suffer the same harm whether

18 or not a defendant complied with the law."  *Id.*

19       Standing to pursue a UCL claim is limited to certain specified public officials

20 and to any private person who "has suffered injury in fact and has lost money or

21 property as a result of such unfair competition."  *Peterson v. Cellco P'ship*, 164 Cal.

22 App. 4th 1583, 1590 (2008).  "[C]onjectural or hypothetical" allegations of injuries

23 are insufficient.  *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798,

24 814 (2007).  "In light of the [California] Supreme Court's caution that businesses

25 must be able to know, to a reasonable certainty, what conduct California law

26 prohibits and what it permits, we do not believe a UCL violation may be established

27 without a link between a defendant's business practice and the alleged harm."  *In re*

28 *Firearm Cases*, 126 Cal. App. 4th 959, 981 (2005) (internal quotation and citation

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

11

NOTICE OF MOTION AND MOTION TO DISMISS

1    omitted).

2         Plaintiffs do not, and indeed cannot, allege that BANA's conduct was the

3    cause of the losses Plaintiffs suffered.  (Compl. ¶¶ 2-4.)  Plaintiffs do not allege that

4    they had any communications with BANA, let alone that they relied upon any

5    representations or acts of BANA in deciding to invest with Phan.  *See In re Firearm*

6    *Cases*, 126 Cal. App. 4th at 979, citing *South Bay Chevrolet v. General Motors*

7    *Acceptance Corp.*, 72 Cal. App. 4th 861, 887-88 (1999) ("Because the acts of the

8    lender did not deceive the borrowers, causation was absent" and UCL claim failed).

9    With respect to their interactions with BANA, Plaintiffs merely allege that they

10   submitted credit card payments, wired their investment funds, and had their checks

11   deposited into Wal Capital's account at BANA.  (Compl. ¶ 54.)  Any causal chain

12   between Plaintiffs and BANA was necessarily broken by Phan's own alleged

13   criminal acts.  *See*, *generally*, *Mosley v. Arden Farms Co.*, 26 Cal. 2d 213, 218

14   (1945); *Richards v. Stanely*, 43 Cal. 2d 60, 67-68 (1954); *Leslie G. v. Perry &*

15   *Associates*, 43 Cal. App. 4th 472, 481, 488-89 (1996) (building owner not liable for

16   tenant's assault by third party where, "as a matter of law, there is no causal

17   connection between his breach and the harm").

18        Plaintiffs were customers of Phan, not BANA.  Phan, not BANA, collected,

19   commingled and invested Plaintiffs' funds.  Phan, not BANA, spent, lost and/or

20   stole Plaintiffs' money.  Plaintiffs would have suffered their purported losses

21   regardless of BANA's alleged acts or omissions and any "causal connection is

22   broken."  *Daro*, 151 Cal. App. 4th at 1099.  Because BANA's alleged business

23   practices were not the cause of Plaintiffs' injuries, Plaintiffs lack standing to assert a

24   UCL claim against BANA.  This claim should be dismissed.

25        **2.**    **Plaintiffs Fail to Allege Unlawful Conduct by BANA**

26        A complaint that does not allege a predicate violation of law "necessarily

27   fail[s]" to state a cause of action under the UCL.  *Lazar v. Hertz Corp.*, 69 Cal. App.

28   4th 1494, 1505 (1999); Cal. Bus. & Prof. Code § 17200.  "[C]ourts may not use the

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

12

1  unfair competition law to condemn actions the Legislature permits." *Cel-Tech*

2  *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 184

3  (1999).

4        Here, Plaintiffs fail to establish a violation of the UCL's unlawful prong

5  because they do not allege BANA engaged in any conduct forbidden by law.  While

6  Plaintiffs allege BANA was "required under customary 'know your customer'

7  practices to affirmatively ascertain the identity and nature of the business conducted

8  by the entities" opening accounts with BANA, pursuant to 31 C.F.R. § 103.121,

9  Plaintiffs concede that BANA complied with such requirements.  (Compl. ¶¶ 38-39,

10  63.)  Similarly, to the extent Plaintiffs assert BANA was required to ask whether the

11  account holders were "registered or exempt from registration" under relevant

12  provisions of the rules promulgated under the Commodities Exchange Act, 7 U.S.C

13  §§ 1 *et seq.*, the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-1–80b-2, and

14  the California Corporations Code §§ 25200-25209, they concede BANA complied

15  with these provisions.  (Compl. ¶ 40.)

16        Plaintiffs allege BANA failed to monitor and report Phan's suspicious activity

17  through the submission of a SAR, in violation of the BSA,  31 U.S.C. § 5318(h)(1)

18  and 12 C.F. R. § 208.62.  (Compl. ¶¶ 43, 73, 97.)  But whether or not a bank files a

19  SAR cannot be the subject of a private cause of action, because SARs are strictly

20  confidential and "national banks … are prohibited from producing the SAR or

21  providing information that would disclose whether a SAR has been prepared or

22  filed."  *Union Bank*, 130 Cal. App. 4th at 384 (holding SARs may not be disclosed

23  in litigation); 12 C.F.R. § 21.11(k).

24        In any event, Plaintiffs plead no facts to plausibly suggest that BANA's

25  alleged failure to report suspicious activity caused harm to Plaintiffs.  A UCL

26  violation may not be established "without a link between a defendant's business

27  practice and the alleged harm."  *In re Firearm Cases*, 126 Cal. App. 4th at 981.  A

28  plaintiff fails to satisfy the causation element of the UCL if he or she would have

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

13

1  suffered the same harm whether or not defendant complied with the law.  *Jenkins v.*
2  *JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 523 (2013).  A defendant
3  cannot be liable for merely failing to stop crimes by third parties because such
4  conduct is not a "substantial factor in the sequence of responsible causation."  *Oki*
5  *Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774-777 (9th Cir. 2002)
6  (bank accused of failing to curtail money laundering was not liable "as a matter of
7  law" because it did not "directly and proximately" cause loss to plaintiff who
8  suffered theft at the hands of a third party); *Emery v. VISA Internat. Service Assn.*,
9  95 Cal. App. 4th 952, 962-64 (2002) (defendant that allowed illegal lottery
10 payments through its bank cards was not liable for a UCL claim for allegedly failing
11 to monitor or report misconduct by third parties); *see also El Camino Res., Ltd. v.*
12 *Huntington Na'l Bank*, 722 F. Supp. 2d 875, 927 (W.D. Mich. 2009) ("there is
13 simply no proximate causation between the Bank's failure to shut down the Cyberco
14 enterprise and the harm accruing to plaintiffs").  Because Plaintiffs do not and
15 cannot show any causal connection between BANA's conduct and Plaintiffs' harm
16 at the hands of Phan, this claim fails and should be dismissed.

17            **3.    Plaintiffs Fail to Allege Unfair Conduct by BANA**

18            California courts have generally followed three separate tests to determine
19 whether a business practice is "unfair" under the UCL.  *See generally Davis v. Ford*
20 *Motor Credit Co. LLC*, 179 Cal. App. 4th 581, 593-598 (tracing a split of authority
21 developed among the courts of appeal).  First, a business practice is "unfair" if it
22 violates public policy "tethered to specific constitutional, statutory, or regulatory
23 provisions."  *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 256
24 (2011).  Second, an alleged business practice is "unfair" if  it "is immoral, unethical,
25 oppressive, unscrupulous or substantially injurious to consumers and requires the
26 court to weigh the utility of the defendant's conduct against the gravity of the harm
27 to the alleged victim."  *Drum*, 182 Cal. App. 4th at 257.  Third, an alleged business
28 practice is "unfair" if "(1) [t]he consumer injury [is] substantial; (2) the injury [is]

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

1   not … outweighed by any countervailing benefits to consumers or competition; and
2   (3) it [is] an injury that consumers themselves could not reasonably have avoided."
3   *Id.*

4        Here, Plaintiffs allege that "Defendants' acts and practices were unfair in that
5   they offend public policy as expressed in statutes and regulations, and are
6   unscrupulous." (Compl. ¶ 124.) This allegation is not enough to state a plausible
7   claim against BANA. As explained above, Plaintiffs have failed to establish that
8   BANA violated any statute, regulation or related public policy. As such, Plaintiffs
9   cannot "tether" their unfairness claim to any such violation. Nor do Plaintiffs allege
10  facts showing BANA's conduct was immoral, unethical, or unscrupulous. Plaintiffs
11  were not customers of BANA, and they allege no relationship, communications or
12  contact with BANA. Plaintiffs do not allege BANA knew of their existence, much
13  less their investments in Phan's ventures. As a result, BANA could not have acted
14  "unscrupulously" toward Plaintiffs. For these reasons, Plaintiffs' claim for unfair
15  business practices fails and should be dismissed.

16       **4.   Plaintiffs Fail to Allege Fraudulent Conduct by BANA**

17       In order to constitute a "fraudulent" practice under the UCL, the conduct in
18  question must be "likely to deceive" a reasonable consumer. *South Bay Chevrolet v.*
19  *General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 878 (1999). Where a
20  UCL claim is grounded in fraud, Federal Rule of Civil Procedure 9(b)'s heightened
21  pleading standards apply. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.
22  2009) ("we have specifically ruled that Rule 9(b)'s heightened pleading standards
23  apply to claims for violations of the … UCL"). The UCL also "imposes an actual
24  reliance requirement" under the fraudulent prong, which requires private plaintiffs
25  to allege that defendants' actions were an "immediate cause of the injury-producing
26  conduct." *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009).

27       Here, Plaintiffs allege, in conclusory fashion, that "Defendants' acts and
28  practices constitute fraud and deceit." (Compl. ¶ 124(a).) But Plaintiffs do not

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

SM01DOCS\1061889.6

allege any specific representation, false or otherwise, made to them by BANA, let alone identify the name of the person who made the alleged representation and their authority to speak, when the representation was made or what was said.  Nor do Plaintiffs plead, with the required particularity, actual reliance upon any action or statement made by BANA.  Finally, Plaintiffs fail to establish how any conduct by BANA was likely to deceive a reasonable consumer, when Plaintiffs and the purported class members were not customers of BANA and were not deceived by BANA's conduct.  (*See generally* Compl.)  As such, Plaintiffs fail to state a viable claim under the "fraudulent" prong of the UCL.

### 5.   Plaintiffs Are Not Entitled to Restitution from BANA

"The UCL limits the remedies available for UCL violations to restitution and injunctive relief."  *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 452 (2005); *see also Rose v. Bank of Am., N.A.,* 200 Cal. App. 4th 1441, 1448 (2011) ("Recovery is limited to injunctive relief and restitution.")  In the context of the UCL, "restitution" is limited to the return of property or funds in which plaintiff has an ownership interest.  *Madrid*, 130 Cal. App. 4th at 453.  Restitution does not include lost business opportunities or profits.  *Korea Supply*, 29 Cal. 4th at 1151.  Money damages are not recoverable under the UCL.  *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 232 (2006) ("no one may recover damages under the UCL"); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003) ("the Legislature intended to limit the available monetary remedies under the act," thus, "attorney fees and damages, including punitive damages, are not available under the UCL").

Plaintiffs request "restitution" of all "fees, charges and profits obtained by [BANA] while servicing the Phan accounts and the funds that [BANA] substantially assisted Phan in misappropriating."  (Compl. ¶ 125.)  But Plaintiffs do not, and cannot, allege that any such "fees, charges or profits" were paid to BANA by Plaintiffs.  To the contrary, the charges and fees were generated by Phan's account

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

16

1   activity and paid (if at all) by Phan and her companies.  And Plaintiffs are not

2   entitled to recover "profits" under the UCL.  As for the funds that Phan

3   misappropriated, there are no facts to support Plaintiffs' claim that BANA

4   "substantially assisted … in misappropriating" them.  In any event, it is undisputed

5   that Phan spent, lost or otherwise ran off with Plaintiffs' funds.  (Compl. ¶¶ 2-4.)

6   BANA does not have Plaintiffs' funds, and as BANA collected nothing from

7   Plaintiffs, there is nothing for BANA to return to Plaintiffs.  Because Plaintiffs are

8   not entitled to restitution from BANA, their UCL claim should be dismissed with

9   prejudice.

10            **D.     Plaintiffs Fail to State a Claim for Money Had and Received**

11           Under California law, "[a] cause of action is stated for money had and

12   received if the defendant is indebted to the plaintiff in a certain sum 'for money had

13   and received by the defendant for the use of the plaintiff.'"  *Gutierrez v. Girardi*,

14   194 Cal. App. 4th 925, 937 (2011), reh'g denied (May 16, 2011) (quoting *Schultz v.*

15   *Harney*, 27 Cal. App. 4th 1611, 1623 (1994)).  This common count "lies wherever

16   one person has received money which belongs to another, and which in equity and

17   good conscience should be paid over to the latter."  *Gutierrez*, 194 Cal. App. 4th at

18   937 (quoting *Weiss v. Marcus*, 51 Cal. App. 3d 590, 599 (1975)).

19           Plaintiffs' claim for money had and received is premised on their allegation

20   that "BANA collected funds from Plaintiffs and other Class Members designated for

21   investment in Wal Capital, retained fees, charges and other penalties from the Phan

22   accounts and retained some or all of those funds."  (Compl. ¶¶ 128, 130.)  Plaintiffs'

23   claim assumes BANA is in possession of funds owed to Plaintiffs for their use.

24   (Compl. ¶¶ 128-129.)  But it is undisputed that Phan, not BANA, took Plaintiffs'

25   money.  (Compl. ¶¶ 2-4.)  The only "funds" allegedly obtained by BANA as a result

26   of Phan's fraudulent operation are the purported fees and charges generated from

27   bounced checks and overdraft fees on Phan's account.  This money does not, and

28   never did, belong to Plaintiffs.  There is no obligation for BANA to turn this money

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

17

1   over, and Plaintiffs' claim fails as a matter of law.

2   **E.   Plaintiffs Fail to Plead Facts Justifying Punitive Damages**

3       Under California law, punitive damages are available as a remedy only when

4   the defendant has been guilty of oppression, fraud or malice.  Civ. Code § 3294(a).

5   The "mere allegation an intentional tort was committed is not sufficient to warrant

6   an award of punitive damages.  Not only must there be circumstances of oppression,

7   fraud or malice, but facts must be alleged in the pleading to support such a claim."

8   *Grieves v. Superior Court,* 157 Cal. App. 3d 159, 166 (1984).  When a complaint

9   contains a "conclusory characterization of a defendant's conduct as oppressive,

10  malicious and fraudulent, such a complaint is patently insufficient to support a claim

11  for punitive damages."  *Smith v. Superior Court*, 10 Cal. App. 4th 1033, 1042

12  (1992).

13      "Malice" is conduct "intended by the defendant to cause injury to the plaintiff

14  or despicable conduct which is carried on by the defendant with a willful and

15  conscious disregard for the safety of others."  Cal. Civ. Code § 3294(c)(1).  The

16  threshold for pleading malice requires a showing of "evil motive."  *G.D. Searle v.*

17  *Superior Court*, 49 Cal. App. 3d 22, 29-30 (1975).  "Oppression" is defined as

18  "despicable conduct that subjects a person to cruel and unjust hardship in conscious

19  disregard of that person's rights."  Cal. Civ. Code § 3294(c)(2).  A showing of

20  oppression requires allegations of "conduct so vile, base, contemptible, miserable,

21  wretched, or loathsome that it would be looked down upon and despised by ordinary

22  decent people."  *Mock v. Miller's Mutual Ins. Co.*, 4 Cal. App. 4th 306, 331 (1992).

23  "Fraud" means "intentional misrepresentation, deceit, or concealment of a material

24  fact known to the defendant with the intention on the part of the defendant of

25  thereby depriving a person of property or legal rights or otherwise causing injury."

26  Cal. Civ. Code § 3294(c)(3).

27      Plaintiffs assert in a boilerplate fashion that the wrongful acts of Defendants

28  were malicious, oppressive, and fraudulent.  (Compl. ¶¶ 108, 118.)  This style of

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

18

1    pleading fails to meet the required threshold to support a claim for punitive

2    damages.  Plaintiffs do not and cannot identify any conduct by any BANA employee

3    specifically intended to harm Plaintiffs.  Nor do Plaintiffs allege any conduct by

4    BANA or any of its employees that is properly characterized as malicious,

5    oppressive, or fraudulent, much less any specific facts to support such a

6    characterization.  In the absence of any credible factual allegations establishing "evil

7    motive," "despicable conduct," or intentional concealment of a fraudulent scheme

8    by BANA, Plaintiffs are not entitled to punitive damages.

9    **V.    CONCLUSION**

10          For the reasons above, the Court should dismiss Plaintiffs' Complaint without

11   leave to amend.

12

13   Dated: November 13, 2014              Respectfully submitted,

14                                         **BRYAN CAVE LLP**

15

16                                         By:    */s/ Jennifer A. Jackson*

17                                                Jennifer A. Jackson
                                                Attorneys for Defendant
18                                              BANK OF AMERICA, N.A.

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

SM01DOCS\1061889.6