UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1771-AG (JPRx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | WILLIAM WILBER, et al. v. BANK OF AMERICA, N.A. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**    **[IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS**

Named Plaintiffs William Wilber, Nicole Kharzi, Karen Oldmixon, Larry Cain, Robyn Jamison, Otto Fox, Gail Young, Mark Thomas, Cindy Dicosimo, Carol Winkler, David Winkler, and Kurt Young (collectively, "Plaintiffs") bring this putative class action against Defendant Bank of America, N.A. ("Defendant"). ("SAC," Dkt. No. 32.) Plaintiffs bring claims concerning an alleged Ponzi scheme operated by Melody Phan ("Phan"), who is not a party to this action, but who maintained several bank accounts with Defendant.

Before the Court is Defendant's "Motion to Dismiss Second Amended Class Action Complaint" ("Motion"). (Dkt. No. 33.)

The Court GRANTS the Motion and DISMISSES the SAC without leave to amend.

**PRELIMINARY MATTERS**

In Plaintiffs' Opposition they assert that they "recently obtained documents of [Defendant] in a parallel matter that it should have produced in December 2012 that demonstrate [Defendant's] possession of knowledge in its purview which (a) are clear indicia of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1771-AG (JPRx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | WILLIAM WILBER, et al. v. BANK OF AMERICA, N.A. | | |

[Defendant's] knowledge and active participation in Phan's conduct, (b) suggest that FRCP 9(b) pleading requirements should be relaxed and (c) preclude dismissal unless leave to amend or further discovery is permitted." (Opp'n, Dkt. No. 37, at 1.) They explain further that the documents they obtained were from the "parallel proceeding against an overseas currency vendor of Wal Costa Rica," an entity that will be described later in this Order. (*Id.*, at 6.)

"In deciding a Rule 12(b)(6) motion, the Court generally looks only to the face of the complaint and the documents attached thereto." *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 U.S. Dist. LEXIS 165744 *25 (C.D. Cal. July 28, 2014) (citing *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)). A court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or judicially noticeable facts. *Id.* The arguments described are not allegations in the SAC. And the documents alluded to by Plaintiffs are not attached to the SAC or incorporated by reference and do not appear to be judicially noticeable. Accordingly, these arguments are not persuasive concerning the Motion.

**BACKGROUND**

The following facts are taken from Plaintiffs' SAC. For the purposes of the Motion, the Court assumes these facts as true. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). Additional facts will be provided in the Analysis Section as necessary. Between state and federal actions, the SAC is the seventh attempt to plead claims on these facts. (Motion, Dkt. No. 33, at 1.)

Phan maintained several businesses including My Forex Planet ("MFP"), an entity that offered forex trading classes to the public. (SAC, Dkt. No. 32, ¶¶ 42-43.) Plaintiffs allege that Defendant knew that the MFP account received funds from Phan's forex trading students. (*Id.*, ¶ 43.) In 2008, Phan formed Wal Capital "for the purpose of gathering funds of students of MFP and others to manage in a comingled form." (*Id.*, ¶ 51.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1771-AG (JPRx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | WILLIAM WILBER, et al. v. BANK OF AMERICA, N.A. | | |

Plaintiffs invested in Wal Capital. (*Id.*, ¶¶ 73-74.) Phan used investors' money for personal use, after Defendant provided Phan with a debit card for the Wal Capital account. (*Id.*, ¶ 80.) The United States Commodities Futures Trading Commission sued Phan in February 2014, alleging Phan had misappropriated over $5 million from 174 investors, including Plaintiffs. (*Id.*, ¶¶ 1-3)

In April or May of 2009, Phan opened a business checking account ("Wal Account") at Defendant's Garden Grove, California branch, and deposited Plaintiffs' investments in that account. (*Id.*, ¶ 59.) Phan maintained several other accounts at that branch for other businesses, including MFP. (*Id.*, ¶ 37.) The Wal Account was designated "Wal Capital, LLC d/b/a Wal Capital, S.A." (*Id.*, ¶ 59.) Despite this d/b/a designation, "[n]o fictitious business name filing was ever filed by WAL USA with Orange County authorities." (*Id.*, ¶ 61.) In opening the Wal Account, Phan provided Defendant with corporate formation documentation for Wal Costa Rica instead of a fictitious name filing for Wal USA. (*Id.*, ¶ 62.) Defendants opened the Wal Account and ultimately removed the "d/b/a" designation, at Phan's request, from checks for the Wal Account. (*Id*, ¶ 68.)

Plaintiffs allege Defendant knew Phan was depositing investors' money into accounts with Defendant. (*Id.*, ¶¶ 73-75.) Phan used Defendant's logo on client communications and represented that banking with Defendant was a benefit of investing in Wal Capital. (*Id.*) Plaintiffs further allege that Defendant knew of these representations, since Phan's investors called Defendant to confirm deposits in the Wal Account. (*Id.*, ¶ 74.) Plaintiffs deposited their funds directly into the Wal Account through credit card payments, checks, and wired transactions. (*Id.*, ¶¶ 75-76.) Phan allowed investors to deposit money in her other accounts with Defendant and then she transferred the money into the Wal Account. (*Id.*, ¶ 82.) Plaintiffs allege that Defendant had knowledge that Phan regularly transferred money from the initial forex trading account to non-investment accounts, including that of a beauty supply business. (*Id.*)

Phan used a debit card for the Wal Account issued by Defendant for personal transactions rather than for forex trading (*Id.*, ¶ 80.) Plaintiffs allege that Defendant issued this debit card

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1771-AG (JPRx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | WILLIAM WILBER, et al. v. BANK OF AMERICA, N.A. | | |

"despite knowledge obtained when it [the Wal Account] was opened that the Wal Account was a commingled investment account." (*Id.*) Plaintiffs further allege that Defendant had knowledge, from records of debit charges, that the Wal Account was not being used for investment purposes. (*Id.*, ¶ 81.) Phan's assistant, Yen Hong Nguyen, moved funds from the Wal Account to her personal account open with Defendant. (*Id.*, ¶ 85.) Plaintiffs allege that Defendant allowed these transactions even though Defendant knew that the Wal Account was intended for investment deposits from third parties. (*Id.*) The Wal Account was overdrawn multiple times in 2010. (*Id.*, ¶ 47.) Plaintiffs allege that Defendant's knowledge of these repeated overdrafts should have triggered a review of the account for possible fraud. (*Id.*, ¶ 88.)

Phan ultimately closed the Wal Account in January 2011 after misappropriating over $3.6 million. (*Id.*, ¶ 90.) In December 2012, in compliance with a subpoena, Defendant supplied Plaintiffs with their bank records for the Wal Account. (*Id.*)

## LEGAL STANDARD

A court must grant a motion to dismiss when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Facial plausibility means that the pleaded "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1771-AG (JPRx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | WILLIAM WILBER, et al. v. BANK OF AMERICA, N.A. | | |

550 U.S. at 556). "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. 2012). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington*, 83 F.3d 1136, 1140 (9th Cir. 1996).

Claims that "sound" in fraud must meet heightened pleading requirements. Fed. R. Civ. P. 9(b); *TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009, 1017-18 (N.D. Cal. 2012). A plaintiff must plead "with particularity" the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-49 n.7 (9th Cir. 1994) (en banc). In other words, a plaintiff must allege "the who, what, when, where, and how" of the misconduct. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997)(internal quotation marks omitted). But a defendant's intent or knowledge may be alleged "generally." Fed. R. Civ. P. 9(b); *Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp. 2d 1101, 1120 (C.D. Cal. 2003)("Generally, courts have found pleadings sufficient if they allege generally that defendants had actual knowledge of a specific primary violation.).

In dismissing a complaint, a court must also determine whether the plaintiff will have leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *Kelson v. City of Springfield*, 767 F.2d 651, 656 (9th Cir. 1985)("Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1771-AG (JPRx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | WILLIAM WILBER, et al. v. BANK OF AMERICA, N.A. | | |

**ANALYSIS**

The SAC seeks to allege two claims. The first claim is for aiding and abetting violations of section 25(a) of the Commodities Exchange Act ("CEA"). The second claim is for violating California's Unfair Competition Law ("UCL").

Defendant asserts that Plaintiffs have not pleaded sufficient factual allegations to support these claims and that Plaintiffs' CEA claim is time-barred. (Motion, Dkt. No. 33, at 1-2.)

The Court agrees that the claims are insufficiently pled, GRANTS the Motion, and DISMISSES the SAC. Because this is Plaintiffs' seventh attempt at bringing these claims, the Court finds that amendment would be futile and does not give leave to amend.

The Court addresses each claim in turn.

**1. Claim for Aiding and Abetting Violations of the CEA**

    **1.1 Statute of Limitations**

Defendant argues that Plaintiffs' claim for aiding and abetting a violation of the CEA is time-barred. (Motion, Dkt. No. 33, at 9.)

Actions brought under the CEA by private parties must be filed "not later than two years after the date the cause of action arises." 7 U.S.C. § 25(c). The Seventh Circuit has held that the cause of action arises when an investor "knew and understood the amount of his losses and the reason for them." *Dyer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 928 F.2d 238, 241 (7th Cir. 1991). The *Dyer* court held that "the statute [of limitations] commences to run when the plaintiff, in the exercise of due diligence, has actual or constructive knowledge of the conduct in question." *Id.* While the Ninth Circuit has not considered *Dyer*, the Court finds *Dyer* persuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1771-AG (JPRx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | WILLIAM WILBER, et al. v. BANK OF AMERICA, N.A. | | |

In the March 30, 2015 Order on the Motion to Dismiss the First Amended Complaint ("FAC"), the Court considered the statute of limitations issue. Defendant's new arguments do not convince the Court to change its ruling on the issue. Based on the allegations, the CEA claim is not time-barred.

### 1.2 Aiding and Abetting Violations of the CEA

Plaintiffs have not sufficiently pled a claim for aiding and abetting violations of the CEA.

Any person who aids and abets a violation of the CEA is liable for actual damages resulting from the violation. 7 U.S.C. § 22(a)(1). To state a claim for aiding and abetting violations of the CEA a plaintiff must allege that the defendant "(1) had knowledge of the principal's intent to commit a violation of the [CEA]; (2) had the intent to further that violation; and (3) committed some act in furtherance of the principal's objective." *Damato v. Hermanson*, 153 F.3d 464, 473 (7th Cir. 1998)); *see also Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 189 (3d Cir. 2000).

Defendant argues that "Plaintiffs still fail to allege facts establishing [Defendant] has actual knowledge of Phan's intent to violate the CEA or intended to assist in her violations." (Motion, Dkt. No. 33, at 14.) The Court agrees. Plaintiffs' allegations still fail to sufficiently show knowledge and intent. Plaintiffs offer little more than conclusory allegations on these points and others. Plaintiffs painstakingly outline actions taken concerning Phan's accounts at Defendant's Garden Grove branch, but the allegations, for example, merely identify "suspicious activity." (*See, e.g.*, SAC, Dkt. No. 32, ¶ 47.) Many of Plaintiffs' allegations essentially concern actions they appear to believe Defendant *should* have taken. Describing such actions is insufficient to show the required knowledge and intent existed.

Further Plaintiffs' allegations do not have sufficient particularity under Rule 9(b). "Rule 9(b) applies with equal force to all claims of fraud–whether they arise under state law, the CEA, or other federal law." *Kolbeck v. LIT Am.*, 923 F. Supp. 557, 568 (S.D.N.Y. 1996). Plaintiffs SAC provides insufficient allegations to meet this heightened burden.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1771-AG (JPRx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | WILLIAM WILBER, et al. v. BANK OF AMERICA, N.A. | | |

The Court GRANTS the Motion as to this claim and DISMISSES it. Because this is Plaintiffs' seventh attempt at bringing this claim, the Court finds that amendment would be futile and does not give leave to amend.

## 2. Violations of California's Unfair Competition Law

Plaintiffs seek to allege a UCL claim. The Court is familiar with this claim from when it considered on an earlier motion to dismiss. (Order on Motion to Dismiss FAC, Dkt. No. 31, at 13.) Plaintiffs have still insufficiently pled allegations regarding restitution.

"[T]he available remedies [for a UCL claim] are limited to restitution and injunctive relief." *SkinMedica, Inc. v. Histogen, Inc.*, 869 F. Supp. 2d 1176, (S.D. Cal. 2012) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1147 (2003)). "In determining what fits into . . . restitution, the object is 'to restore the status quo by returning to the [actual direct victim] funds in which he or she has an ownership interest.'" *Id.* (citing *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1012 (2005)) (alteration in original).

Plaintiffs essentially make two types of allegations concerning restitution. First, Plaintiffs allege that Defendant collected overdraft fees and interest generated by the accounts managed by Phan and other profits. (SAC, Dkt. No. 32, ¶¶ 6, 8, 91, 93, 124.) The SAC is Plaintiffs' seventh attempt to plead a viable claim, yet they still haven't for example alleged that the overdraft fees were paid with Plaintiffs' deposits. Restitution under the UCL would not focus on fees gained by Defendant, but instead on Plaintiffs' loss. *See Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 455 (2005) ("Plaintiff's generalization [that restitution focuses on defendant's unjust enrichment] fails to acknowledge the specific limitation applicable in the UCL context—that restitution means the return of money to those persons from whom it was taken or who had an ownership interest in it." (citation omitted)). Plaintiffs' SAC repeatedly shows that Phan, rather than Defendant, misappropriated Plaintiffs' money. This appears to be their loss. There is a gap between Defendant accepting Plaintiffs' money and Phan paying Defendant overdraft fees related to that account. Factual allegations and legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1771-AG (JPRx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | WILLIAM WILBER, et al. v. BANK OF AMERICA, N.A. | | |

support are lacking concerning Plaintiffs' ability or right to recover any fees charged by Defendant here.

Second, Plaintiffs allege that Plaintiffs have "suffered losses through the payment of wire fees to [Defendant] to facilitate their investments . . . ." (SAC, Dkt. No. 32, ¶ 135.) The allegations concerning these wire fees are scarce, but it appears Plaintiffs allege that the wire fees were paid for services rendered by Defendant. Also Plaintiffs do not have a section in their Opposition responding to Defendant's arguments concerning restitution.

Accordingly, Plaintiffs have failed to sufficiently plead that they can recover under a UCL claim. The Court GRANTS the Motion as to this claim and DISMISSES it. Because this is Plaintiffs' seventh attempt at bringing this claim, the Court finds that amendment would be futile and does not give leave to amend.

## DISPOSITION

The Court GRANTS the Motion. The Court DISMISSES the SAC and does not give leave to amend.

The Court reaches this result after reviewing all the arguments made and admissible evidence presented by the parties. Any argument not specifically addressed was either unpersuasive or not necessary to reach the Court's holding.

_____ :   0

Initials of Preparer      lmb